IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| HERMAN MULDROW, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:19-cv-03498-DCN-KDW |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

      This matter is before the court on United States Magistrate Judge Kaymani D. West's report and recommendation ("R&R") recommending that the court grant in part and deny in part defendant South Carolina Department of Corrections's ("SCDC") motion for judgment on the pleadings, ECF No. 8. For the reasons set forth below, the court adopts the R&R and grants in part and denies in part the motion for judgment on the pleadings.

## I.  BACKGROUND

      The R&R ably recites the detailed facts of the case, and because it is unnecessary to recapitulate the complaint and pleadings constituting the factual record, this order dispenses with a recitation thereof. Like the R&R, the court construes the facts in the light most favorable to the non-moving party in considering the motion for judgment on the pleadings.

      Plaintiff Herman Muldrow ("Muldrow") filed an initial inquiry form to report alleged discrimination by SCDC with the Equal Employment Opportunity Commission ("EEOC") on April 25, 2018 ("Initial Inquiry Form"), and Muldrow filed this action in

the Court of Common Pleas in Clarendon County, South Carolina on November 14, 2019. SCDC removed the case on December 17, 2019. ECF No. 1. The complaint includes claims for: (1) gender discrimination in violation of Title VII – Hostile Work Environment ("hostile work environment"); (2) gender discrimination in violation of Title VII – Constructive Discharge ("constructive discharge"); and (3) retaliation for complaints regarding gender discrimination ("retaliation"). ECF No. 1-1 at 4–5. SCDC filed a motion for judgment on the pleadings on January 24, 2020 seeking dismissal of all three causes of action. ECF No. 8. Muldrow filed his response on February 3, 2020, ECF No. 11, and SCDC replied on February 10, 2020, ECF No. 17. The R&R was issued on April 7, 2020 and recommends granting in part and denying in part SCDC's motion. ECF No. 22. The R&R recommends dismissing the constructive discharge claim and allowing the hostile work environment and retaliation claims to proceed to discovery both on the merits and as to the exhaustion issue. The R&R also recommends permitting SCDC to raise again its administrative-exhaustion challenge at the summary judgment stage. SCDC filed its objections to the R&R on April 21, 2020. ECF No. 23. Muldrow replied to the objections on May 4, 2020. ECF No. 25.

## II.  STANDARD

The magistrate judge makes only a recommendation to the court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with the court. Id. at 270-71. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The court is charged with

making a de novo determination of any portion of the R&R to which a specific objection is made. Id. However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the magistrate judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

### III.   DISCUSSION

SCDC raises only one objections to the R&R. The objection in its entirety is as follows:

> SCDC respectfully objects to the Report only to the extent it recommends the motion for judgment on the pleadings be denied as to Plaintiff's non-constructive discharge claims. In particular, SCDC objects to the recommendation that the Initial Inquiry Form be deemed a [c]harge.

ECF No. 23 at 2.[1]

However, the R&R does not recommend that the Initial Inquiry Form be deemed a charge.[2] The R&R states "it could be argued that the information" in the Initial Inquiry Form includes the minimum necessary information required to be a charge. ECF No. 22 at 14. That language indicates a possibility that the Initial Inquiry Form may be deemed a charge, but is far from a recommendation that it is deemed a charge. Following the pronouncement that there may be an argument that the Initial Inquiry Form could be a charge, the R&R "notes in particular the language in the EEOC's July 2, 2019 Cover

---

[1] SCDC repeats their objection to the recommendation that the Initial Inquiry Form be deemed a charge later in their brief. ECF No. 23 at 4.

[2] A "charge" is a term of art that is not explicitly defined by Title VII but must contain such information and be in such form as the [EEOC] requires." 42 U.S.C. § 2000e-5(b); 29 C.F.R. § 1601.12(a)–(b). Prior to filing a suit under Title VII, an individual must exhaust his administrative remedies by bringing a charge with the EEOC. 42 U.S.C. § 2000e-5(f)(1).

Letter" which states: "Because the document that you submitted to us constitutes a charge of employment discrimination, we have complied with the law and notified the employer that you filed a charge." Id. at 15–16 (quoting ECF No. 11-2 at 2). The R&R proceeds to declare that "[b]ased on this record, it cannot be determined what 'document' [Muldrow] submitted that 'constitutes a charge[.]'" Id. at 16. This language unequivocally demonstrates that the R&R did not recommend the Initial Inquiry Form be deemed a charge.

In short, SCDC objects to a recommendation that the R&R did not in fact make. As such, there is no issue for the court to review. Therefore, SCDC's object is overruled.

## IV.   CONCLUSION

For the foregoing reasons the court **ADOPTS** the R&R and **GRANTS IN PART** and **DENIES IN PART** the motion for judgment on the pleadings.  Specifically, the court dismisses Muldrow's constructive discharge claim and allows the hostile work environment and retaliation claims to proceed to discovery both on the merits and as to the exhaustion issue.  SCDC may raise again its administrative-exhaustion challenge at the summary judgment stage.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**May 21, 2020**
**Charleston, South Carolina**